IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MICHAEL JAMES ENDICOTT, | |
|---|---|
| Plaintiff, | 8:18CV554 |
| vs. | |
| INS "PEREZ", Immigration & Naturalization Service Officer; F. GERARD HEINAUER, District Director; and U.S. CUSTOMS IMMIGRATION SERVICES, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed a Complaint on November 28, 2018. (Filing No. 1.)[1] He has been given leave to proceed in forma pauperis. (Filing No. 11.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against U.S. Customs Immigration Services ("USCIS"), Immigration Naturalization Service ("INS"), INS Officer Perez, and USCIS District Director F. Gerard Heinauer all in their individual and official capacities. Liberally construed, Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1981, 1985(3), and 1986, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), alleging violations of his rights under the First, Fourth, Fifth, Eighth,

---

[1] Upon filing, the Complaint was unsigned. (Filing No. 1 at CM/ECF p. 7.) Plaintiff filed a signed copy of the Complaint after being informed of the signature deficiency by the clerk's office. (Filing No. 1-1.)

and Fourteenth Amendments, abuse of process, interference with contract rights, various tort claims, and negligence and gross negligence claims including breach of duty, breach of investigation, "negligent/erroneous citizenship determination," and "delay[ed] delivery of U.S. Oath, Ceremony, & Citizenship." (Filing No. 1 at CM/ECF pp. 3–4.)

In his Complaint, Plaintiff alleges the following under "Statement of Claim":

- On August 8, 2005, [he] successfully passed & completed [his] first initial U.S. naturalization examination which is the first initial interview! It[']s a specific event & not a process.
- INS Perez committed negligence, breach of duty & investigation, not only delayed but prevented & hindered Plaintiff from being granted the U.S. Oath, U.S. Ceremony, U.S. Certificate & U.S. Citizenship.
- District Director F. Gerard Heinauer negligently forgets to fill in or write the date on notice.

(Filing No. 1 at CM/ECF p. 5 (internal quotation marks omitted).) No further factual allegations are contained within the Complaint, but Plaintiff did file two letters (filing nos. 3 & 8) and what the court construes as a motion to expedite judgment (filing no. 13) in which he provides additional factual background. The court will consider these materials as supplemental to the Complaint. *See* NECivR 15.1(b).

In his motion, Plaintiff alleges his

> Dad is a natural born U.S. Citizen & 21 year U.S. Special Forces Air Force Veteran having retired from the U.S. STRATCOM OFFUTT AIR FORCE BASE back in the early 80s. . . . Plaintiff was under his Dad's legal care & custody since the age of 1 yr. old, was admitted into the U.S., when he was a 2 yr. old & in 1975 at the age of 5, the Plaintiff is legally adopted on a U.S. SOVEREIGN SOIL ON A U.S. BASE FORT KENT in the STATE OF MAINE. Plaintiff has lived in

Nebraska for like 40 years, he is 48 yrs. old today. His mother was also a FULL STATUS PERMANENT LEGAL RESIDENT & never did Naturalize[] which does not make the Plaintiff eligible of AUTOMATIC CITIZENSHIP.

(Filing No. 13 at CM/ECF p. 9 (internal quotation marks omitted; capitalization in original).)

Plaintiff's motion also references "Exhibit A-2 & A-3 in regards to Plaintiff's N-335 Form and Attachment." (*Id*. at CM/ECF p. 11 (punctuation corrected).) The exhibits to which Plaintiff refers were materials that Plaintiff submitted to the court prior to filing his Complaint and which were returned to him through the court's pro se correspondence procedure in Case No. 18PS3000 because the materials were not in the form required by Federal Rule of Civil Procedure 10 or the court's local rules and because Plaintiff did not have a case pending. (Filing No. 64, Case No. 18PS3000; *see also* Filing No. 74, Case No. 18PS3000.) The exhibits submitted by Plaintiff consist of an I-797C Notice of Action Form notifying Plaintiff to appear for a Naturalization Initial Interview, his N-652 Naturalization Interview Results, an N-335 Form and Attachment, and an April 19, 2018 Warning for Failure to Depart. (Filing No. 64 at CM/ECF pp. 20–26, Case No. 18PS3000.) The court takes judicial notice of its own records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

The exhibits indicate Plaintiff submitted a N-400 Application for Naturalization at some time prior to February 14, 2005, he was interviewed by USCIS officer John S. Perez on August 8, 2005, he passed the English and U.S. history and government tests, and that he was informed that "[a] decision cannot yet be made about [his] application" and he was required to, among other things, "[c]ome to any scheduled interview [and] [s]ubmit all requested documents." (Filing No. 64 at CM/ECF pp. 21, 25, Case No. 18PS3000.) An undated Form N-335 addressed to Plaintiff and signed by Defendant Heinauer states, "On August 8,

2005, you appeared for an examination of your application for naturalization . . . . Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s): See Attachment(s)." (*Id*. at CM/ECF p. 22.) The Attachment to the Form N-335 states that Plaintiff's application for naturalization was denied for lack of prosecution in accordance with 8 C.F.R. 335.7, explaining:

> On August 8, 2005 you were instructed by the service to submit Police arrest records and certified court documents for all of your arrests as well your 1551 Alien Registration card and 2 new photographs of yourself. The Service gave you until September 7, 2005 to submit these documents, as of today the requested information still has not been received in this office. Therefore your N-400 Application for Naturalization is hereby denied for lack of prosecution as a matter of law and regulation.

(*Id*. at CM/ECF p. 23.)

Additionally, in the letters filed with the court, Plaintiff states he "was convicted on March 17th, 2015 for petty missteps on '2 Counts of Possession of Medical Marijuana with Intent to Deliver.' . . . In 1997, 20 years ago [he] was convicted of a petty misstep having been convicted for 'Forgery, 2nd Degree; said instrument a total of $335 dollars.'" (Filing No. 8 at CM/ECF p. 1.) Based on these convictions, Plaintiff states, "Omaha DHS/ICE thinks [he is] a[n] 'illicit trafficker,'" considers his forgery a "'crime of moral turpitude' & 'particular serious crime' and 'aggravated felonies,'" and "wrongfully ordered [him] deported[] 3 times within the past year." (*Id*. at CM/ECF pp. 2–3.) Plaintiff disputes that his convictions fit such definitions and states he "filed a 'Motion to Stay of Removal' on or about 11/23/2018 to the 8th Circuit Court." (*Id*. at CM/ECF p. 3.)

Plaintiff claims "personal injuries," including intentional infliction of emotional distress, "false arrest/detainer, false incarceration – imprisonment[, and] maliciously prosecuted" as a result of Defendants' actions. (Filing No. 1 at

CM/ECF p. 6.) As relief, Plaintiff asks the court to "[g]rant me my U.S. Oath, U.S. Ceremony, U.S. Citizenship & U.S. Certificate" and for "Monetary Relief [of] $15 million dollars total[,] $1 million dollars per each year having been hindered & hated on by gov't officials." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

**A. Official Capacity and FTCA Claims**

Plaintiff names the USCIS and INS as defendants in this action and also sues INS Officer Perez and USCIS District Director Heinauer in their individual and official capacities. The USCIS and INS are federal agencies. Whether pursued as a § 1983 claim, or a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), Plaintiff cannot recover against the USCIS and INS for their alleged violation of his constitutional rights. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (holding a Bivens cause of action cannot be brought against a federal agency); *Kelly v. U.S. Immigration & Customs Enf't*, No. 09-CV-412-CVE-TLW, 2009 WL 1891768, at *3 (N.D. Okla. July 1, 2009) (holding immigration detainee cannot file a § 1983 action against U.S. Immigration and Customs Enforcement ("I.C.E.") because I.C.E. does not act under color of state law).

Moreover, any claim against Perez and Heinauer in their official capacities is a claim against the United States. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). "Sovereign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Id.* With respect to constitutional tort claims for damages brought against the United States or its agencies, Congress has not waived sovereign immunity. *F.D.I.C. v. Meyer, supra*. Therefore, Plaintiff cannot recover damages against the United States on any constitutional tort claim because the federal government and its agencies are immune from any such suit. *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials.").

Subject to exceptions that are not relevant in this case, Congress has waived sovereign immunity for negligence actions governed by the FTCA. "The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same

extent as a private individual under like circumstances.'" *Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006)(quoting 28 U.S.C. § 2674). Section 2675(a) of the FTCA provides that:

> [a]n [FTCA] action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency. The Supreme Court has recognized that "[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."

*Mader v. U.S.*, 654 F.3d 794, 797 (8th Cir. 2011) (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)).

Liberally construed, Plaintiff alleges in his Complaint that Perez and Heinauer acted negligently when they failed to properly investigate and process his naturalization application and failed to grant him U.S. citizenship. Plaintiff does not allege in his Complaint that he exhausted his administrative remedies. (*See* Filing No. 1 at CM/ECF p. 3.) In his motion for expedited judgment, Plaintiff alleges he "has exhausted all remedies in regards to bringing up his U.S. naturalization-citizenship issues with these lower level agencies." (Filing No. 13 at CM/ECF p. 6.) However, in context, Plaintiff's allegation of exhaustion refers to "bringing up the issues that he successfully passed & completed his U.S. Naturalization-Examination First Initial Interview-Examination" before the Omaha Executive Office for Review-Department of Homeland Security and the Board of Immigration Appeals" and being informed by the Immigration Judge that "these issues on my U.S Naturalization Results & Citizenship do not fall under [her] jurisdiction nor her department." (*Id.* at CM/ECF pp. 6, 8–9 (internal quotation marks omitted).) Because Plaintiff's allegations clearly indicate that he has not exhausted his administrative remedies with respect to his tort claims before the appropriate federal agency, this court lacks subject matter jurisdiction over his FTCA claims. Accordingly, the court will dismiss his FTCA claims without

prejudice to reassertion after compliance with the FTCA administrative procedures.

**B. Individual Capacity Constitutional Claims**

Plaintiff alleges violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. ([Filing No. 1 at CM/ECF pp. 3–4](#).) The court has liberally construed the Complaint's allegations, keeping in mind that pro se litigants' pleadings are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See [Haines v. Kerner, 404 U.S. 519, 520 (1972)](#)*. Upon review, the court concludes that Plaintiff's Complaint fails to state a plausible claim for relief under any of the constitutional grounds alleged.[2]

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *[Iqbal, 556 U.S. at 679](#)*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *[Id](#).* (quoting [Fed. R. Civ. P. 8(a)(2)](#)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *[Id](#).* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *[Id. at 678](#)*. Here, Plaintiff's conclusory allegations that Perez and Heinauer violated his constitutional rights based on their professional negligence, breach of duty, breach of investigation, and abuse of process are insufficient to state a plausible claim for relief. At most, Plaintiff's allegations suggest negligent conduct which cannot serve as the basis for a constitutional tort claim. *See [Davis v. Fulton Cty., Ark., 90 F.3d 1346, 1352–53 (8th Cir. 1996)](#)* ("Negligent, or even grossly negligent, conduct by government officials cannot be the basis of a constitutional tort claim.")

---

[2] The court similarly determines that Plaintiff has failed to state a claim for relief under [42 U.S.C. §§ 1981](#), [1985(3)](#), and [1986](#).

On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that states plausible constitutional claims for relief.

**C. Challenge to Denial of Naturalization**

Liberally construed, Plaintiff's Complaint appears to challenge the denial of his naturalization application. A brief description of the naturalization process is helpful to provide context. As this court has previously explained,

> The Attorney General has the sole authority to naturalize persons. 8 U.S.C. § 1421(a). USCIS acts on behalf of the Attorney General in naturalization matters. The steps in becoming naturalized are as follows. First, an applicant must submit an application for naturalization to USCIS on Form N–400. 8 U.S.C. § 1445(a); 8 C.F.R. § 334.2. Next, an "investigation/examination" of the applicant is conducted. 8 U.S.C. § 1446(a) (USCIS employee, or an employee of the United States designated by the Attorney General, "shall conduct a personal investigation "); 8 U.S.C. § 1446(b) (Attorney General shall designate USCIS employees to "conduct examinations "). As part of the § 1446 "investigation/examination," USCIS requests that the FBI conduct a background check, which includes a name check. The "investigation/examination" also includes an interview of the applicant by USCIS. 8 C.F.R. § 335.2(a). Following this "investigation/examination" stage, USCIS makes a determination whether the application should be granted or denied. 8 U.S.C. § 1446(d).
>
> If the application is granted, the applicant participates in a citizenship oath ceremony. 8 U.S.C. § 1448(a). If the application is denied, the unsuccessful applicant may seek review in the United States district court for the district in which such person resides (after exhausting the administrative remedy of appealing the denial to an immigration officer). 8 U.S.C. § 1421(c); 8 C.F.R. § 336.9(d). If there has been no decision on the application within 120 days after the USCIS interview, the applicant may apply to a United States district court for a hearing, and the district court may either determine the matter or remand it with instructions. 8 U.S.C. § 1447(b); *see, e.g., Walji v. Gonzales*, 500 F.3d 432 (5th Cir.2007) (120–day period of §

1447(b) begins to run after USCIS interview, rather than after background investigation is complete).

*Saini v. Heinauer*, 552 F. Supp. 2d 974, 976 (D. Neb. 2008).

Here, Plaintiff asserts that he "passed & completed [his] first initial U.S. Naturalization Examination" and Defendants then "prevented & hindered Plaintiff from being granted his U.S. Oath, U.S. Ceremony, U.S. Certificate & U.S. Citizenship." (Filing No. 1 at CM/ECF p. 5.) Plaintiff also appears to argue that this court can make a determination on his naturalization application under 8 U.S.C. § 1447(b) because more than 120 days have passed since Plaintiff completed the initial interview on August 8, 2005. (*See* Filing No. 13.) However, the exhibits referenced in Plaintiff's motion and judicially noticed by the court indicate that USCIS made a determination on his naturalization application in that Plaintiff's application was denied for lack of prosecution. Thus, section 1447(b) appears inapplicable. Also, Plaintiff does not allege that he requested a hearing before an immigration officer under section 1447(a) as required before seeking judicial review in this court. 8 U.S.C.A. § 1421. As alleged, the court cannot determine whether Plaintiff is entitled to seek review in this court pursuant to 8 U.S.C. § 1421. On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that demonstrates that he is entitled to review of the denial of his naturalization application.

## IV. OTHER PENDING MOTIONS

On February 4, 2019, Plaintiff filed a motion seeking to join motions, de novo review, expedited administration of oath of allegiance, to remand to USCIS with specific instructions, for summons, for monetary relief or settle alternative damage aware relief, for writ of mandamus, for discovery disclosure, for trial, and for summary judgment, which the court construes as a motion for expedited judgment. (Filing No. 13.) Plaintiff later filed another motion to expedite judgment on August 9, 2019. (Filing No. 14.) In light of the court's determination that the

Complaint fails to state a plausible claim for relief, Plaintiff's motions will be denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims seeking relief pursuant to the FTCA are dismissed without prejudice for failure to exhaust administrative remedies.

2. Plaintiff shall have until **October 30, 2019**, to file an amended complaint that states a plausible claim for relief against Defendants. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. Plaintiff should be mindful in his amended complaint to clearly explain what Defendants did to him, when Defendants did it, and how Defendants' actions harmed Plaintiff.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5. Plaintiff's motions for expedited judgment (filing nos. 13 & 14) are denied.

6. The clerk of the court is directed to set a pro se case management deadline using the following text: **October 30, 2019**: check for amended complaint

Dated this 30th day of September, 2019.

                                      BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      Senior United States District Judge